UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE FEISE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION, et al.,<br><br>Defendants. | Case No. 25-cv-04017-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Ronald Lee Feise alleges that he contracted COVID twice during his incarceration in California state prisons. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint is deficient. Feise's allegations fail to state any specific facts against any defendant; one of the incidents occurred in the Eastern District of California and therefore any claim related to it must be raised there; and any claim arising from the remaining incident is likely untimely. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **December 8, 2025**. Failure to file a proper amended complaint by December 8, 2025, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2  upon which relief may be granted or seek monetary relief from a defendant who is immune
3  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

"A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*  Federal pleading rules also require that claims be based on "the same transaction, occurrence, or series of transactions or occurrences" and pose a "question of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2).

2

. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662. Feise's claims that he "contracted Covid-19 twice while in state prison. 1/21/2022 and 12/20/20." (Compl., Dkt. No. 7 at 2.) Although he names over 15 defendants, his allegations are simply that he contracted COVID; he does not allege any specific facts against any defendant. Not only has no misconduct been alleged, no defendant has been alleged to have committed any misconduct. Because the complaint does not allege any specific facts against any defendant, no claim has been stated.

In addition, according to a letter Feise authored and attached, he contracted COVID in 2022 at Mule Creek State Prison. (Compl., Dkt. No. 7 at 8.) Any claim regarding events at Mule Creek cannot be raised here in the Northern District but rather must be raised in the district in which that prison lies, specifically the Eastern District of California.

As for the 2020 COVID contraction, Feise does not state where it happened. If it happened in the Northern District, that claim might be able proceed here. But it is likely untimely. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). Even if Feise is entitled to four years of tolling, his complaint would still be late. The incident occurred in 2020 and his complaint was filed in late 2025, which is beyond the four-year limitations period.

Feise should keep all of these issues in mind and address them if he decides to amend. His complaint is DISMISSED, with leave to amend.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before

3

**December 8, 2025**. The amended complaint must include the caption and civil case number used in this order (25-04017 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page.  The amended complaint must also appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  Failure to file a proper amended complaint by December 8, 2025 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** October 22, 2025



WILLIAM H. ORRICK
United States District Judge