UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD LEE FEISE,

       Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION, et al.,

       Defendants.

Case No. 25-cv-04017-WHO (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff Ronald Lee Feise alleges that his action should be related to an action regarding the transfer of COVID-infected prisoners from the California Institute for Men to San Quentin, where those prisoners infected other San Quentin inmates. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED. Feise's claims are not related to the claims in the prior action because he contracted COVID at Mule Creek State Prison before his transfer to San Quentin. Also, his conclusory allegations that his placement with other COVID-infected prisoners at San Quentin worsened his condition is too speculative to state a plausible claim.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Feise alleges that he contracted COVID at Mule Creek State Prison and then was transferred to San Quentin State Prison before COVID-infected prisoners were transferred from the California Institute for Men (CIM) to San Quentin. (Am. Compl., Dkt. No. 1 at 1.) He alleges that prison authorities' actions in placing him with other COVID inmates made his COVID condition worse. (*Id.*) He asks that his action is related to and should be added to an action addressing the claims of prisoners who contracted COVID at San Quentin from the COVID-infected prisoners from CIM.[1] (*Id.* at 1-2.)

United States District Court
Northern District of California

---

[1] *IN RE CIM-SQ TRANSFER CASES*, 20-cv-06326-EJD.

This action will be dismissed. Feise's claims are not related to the claims in the prior action because he was infected with COVID before arriving at San Quentin. Therefore, his action will not be related or added to the prior action. Also, his highly conclusory allegations that his contact with other already-infected COVID prisoners at San Quentin worsened his condition are too speculative to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Furthermore, any claims Feise may have regarding his infection at Mule Creek State Prison must be heard in the Eastern District of California, which is the district where that prison lies.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 31, 2026



WILLIAM H. ORRICK
United States District Judge